ALBERT SCHAFER *vs.* JOSEPH VIZENA and Garnishees.

May 4, 1883.

**Garnishment.**—Where, in garnishee proceedings, the evidence of the garnishee left it doubtful and uncertain whether anything was due from him to the defendant in the principal action, *held,* that he was properly discharged.

Appeal by plaintiff from an order of the district court for Hennepin county, *Shaw,* J., presiding, discharging the garnishees.

*H. E. Day,* for appellant.

*Woods & Hahn,* for respondents.

VANDERBURGH, J. The evidence of the garnishees disclosed that the defendant had been employed by them to build and complete an elevator, at a given price per thousand feet of the lumber put into the structure. He abandoned the work before its completion, without cause, so far as appears, leaving a number of his employes, who had worked on the building, unpaid in an amount exceeding the balance due defendant, estimated by the amount of lumber already used. The examination of the garnishees left the question of the extent of their liability to such employes, who, it appears, were contemplating filing liens on the building, (the time for which had not elapsed,) open and uncertain. Whether as to liens, the amount of which is left unascertained, a continuance might not properly have been allowed, to enable plaintiff to ascertain more accurately the facts in reference thereto, we are not required to determine. The case was voluntarily submitted upon the evidence of the garnishees, and the sole question is upon its sufficiency. Independently, therefore, of the question of the rights and defences of the garnishees under the contract, which they claim was an entire one and was wilfully violated by defendant, it was not made clearly to appear, upon the case as submitted, that the garnishees should be charged in any sum, and the order discharging them should be affirmed.