H. M. McLEAN and Another v. C. R. SWORTS and Others.[1]

June 28, 1897.

Nos. 10,633—(184).

**Garnishment—Property Received by Garnishee after Service of Summons.**

Section 5309, G. S. 1894, which provides that the service of the summons upon the garnishee shall attach and bind all property belonging to the defendant in his hands at the date of such service, construed, and *held*, that the garnishee cannot be held for property coming to his possession or control after the service of the summons in the proceedings against him.

**Same—Judgment upon the Disclosure.**

Where judgment is asked against the garnishee upon his disclosure,

[1] Reported in 71 N. W. 925.

which is not evasive, it will not be granted if the disclosure does not affirmatively show his liability.

Same.

> *Held*, that the trial court did not err in denying the motion of the plaintiff for judgment against the garnishee in this case.

Appeal by plaintiffs from an order of the municipal court of Minneapolis, Holt, J., discharging the garnishees, S. C. Tooker & Co. Affirmed.

*Morse & Sweetser*, for appellants.

*Charles R. Fowler*, for respondent.

START, C. J.

This is an appeal by the plaintiffs from an order of the municipal court of the city of Minneapolis denying their motion for judgment against the garnishee, and discharging him. The trial court based its action upon the ground that the disclosure does not show that at the time the garnishee summons was served the garnishee had any property in his hands belonging to the defendant.

The property sought to be reached in the hands of the garnishee was four car loads of apples, represented by the same number of bills of lading. It is claimed by the garnishee that two of the bills of lading came to his possession and control on the day the garnishee summons was served upon him, but after the time of such service, and that the other two were received by him on the day following, and not before. The trial court accepted this construction of the disclosure, and discharged the garnishee. The plaintiffs claim that this was error, for the following reasons:

1. Because the service of the garnishee summons attached and bound all property of the defendant which came to the possession or control of the garnishee during the entire day on which the service was made, although it came to his possession after the time the summons was actually served. Such is not the law. To support a judgment in favor of a plaintiff against the garnishee, the disclosure, where the motion for judgment is, as in this case, based upon it, must show that at the time of the service of the summons upon him he had property belonging to the defendant in his possession or control, or was then indebted to him. The garnishee

69 M.—9

cannot be held for the property of the defendant coming to his possession or control after the service of the summons in the proceedings against him. Nash v. Gale, 2 Minn. 265 (310). This is the uniform rule in all jurisdictions.

It is claimed, however, by the plaintiff that our present statute (G. S. 1894, § 5309), which provides that "the service of the summons upon the garnishee shall attach and bind all the property * * * in his hands * * * at the date of such service," must be construed as if it read "during the day of such service." It is true, as claimed, that the statute in force at the time the case referred to was decided contained the words "from the time of the service of such summons," but the substitution for this clause of the terser expression "at the date of such service," found in the present statute, indicates no intention to change the meaning of the statute in the particular here in question. The history of the statute proves this. In its original form it read:

"The person summoned as a garnishee, from the time of the service of such summons, shall be deemed liable to the plaintiff in such suit to the amount of the property * * * in his hands, or possession, or under his control." R. S. 1851, c. 91, § 3; P. S. 1858, c. 80, § 3.

In 1860 the whole subject of garnishment was revised, and all prior laws on the subject repealed, and the section in question was re-enacted in the words of the present statute. See Laws 1860, c. 70. This chapter was reported by the revisers and adopted by the legislature as title 10 of chapter 66, G. S. 1866.

If there had been no other change in the statute except to substitute therein the word "date" for "time," it might possibly tend to support the construction claimed by the plaintiff. One of the accepted and authoritative definitions of the word "date" is the point of time at which a transaction or event takes place. One of its synonyms is "time." Thus we say, at the date of the filing of a deed or other instrument, when we wish to indicate the precise time the act was done. It is obvious that the word is used in this sense in this statute.

2. The plaintiffs urge, as a further reason why the trial court erred in making the order, the claim that the disclosure does not show

that the property came to the control of the garnishee after the service of the summons.    It certainly does not appear from the disclosure that there was any property of the defendant within the control of the garnishee at the time of the service of the summons.

When judgment is asked against the garnishee upon a disclosure which is not evasive, it will not be granted if the disclosure does not affirmatively show the liability of the garnishee.    Cole v. Sater, 5 Minn. 378 (468); Schafer v. Vizena, 30 Minn. 387, 15 N. W. 675;  Vanderhoof v. Holloway, 41 Minn. 498, 43 N. W. 331.

It cannot be said in this case that the disclosure was evasive, as no effort seems to have been made by plaintiff to ascertain definitely from the garnishee whether or not any of the bills of lading came into his possession before the service of the garnishee summons.    It may be fairly inferred from what is stated in the disclosure that two of the bills of lading came into the possession of the garnishee on the same day of the service, but not until afterwards, and the other two not until the next day.

In any event, the trial court did not err in making the order appealed from, and it must be affirmed.    So ordered.