LEWIS L. McSHANE v. J. A. KNOX and Another.[1]

February 7, 1908.

Nos. 15,386—(190).

#### Garnishment against Nonresident.

The courts of this state have jurisdiction to entertain garnishment proceedings against nonresident parties in all cases where the defendant and garnishee are both personally served with process while within the state. Swedish-American Nat. Bank v. Bleecker, 72 Minn. 383, and McKinney v. Mills, 80 Minn. 478, distinguished.

#### Same—Jurisdiction.

Where no personal service is made upon the defendant in this state, the situs of the property sought to be reached by the garnishment determines the jurisdiction of the court; but, where personal service is had upon both defendant and garnishee, the situs of the property, as determined by the residence of the parties, is immaterial.

#### Same—Place of Payment.

Nor is the place of payment material, where the garnishee interposes no claim that he cannot be compelled to make payment at a place other than that agreed upon.

Action in the district court for Clay county to recover $100 on a promissory note. A garnishee summons was served on the Northern Pacific Railway Company, garnishee. From an order, Baxter, J., dismissing proceedings against the garnishee, plaintiff appealed. Reversed.

*Sharp & Chapin,* for appellant.

*N. I. Johnson* and *L. L. Twichell,* for respondents.

BROWN, J.

This action was brought by plaintiff, a resident of North Dakota, against defendant, also a resident of that state, to recover upon a promissory note theretofore executed by him to one Ellis, and by Ellis transferred to plaintiff. At the time of its commencement a garnishee summons was duly issued therein against the Northern Pacific Railway Company, a corporation organized under the laws of Wisconsin, but maintaining an agency and doing business in this state. The sum-

[1] Reported in 114 N. W. 955.

mons in the principal action was personally served upon the defendant in the city of Moorhead, this state, on June 17, 1907, together with a copy of the garnishee summons, with the usual notice to defendant and proof of service upon the garnishee. The garnishee disclosed. an indebtedness to defendant in the sum of $140.10. Defendant made no appearance in the action, and on July 9, 1907, default judgment was rendered against him for the sum of $124.67. Thereafter application was made to the court for judgment. against the garnishee upon its disclosure, on which defendant appeared specially and for the purposes of the motion only, and moved the court to dismiss the garnishment proceedings on the ground that, as all the parties were nonresidents of the state, the court had no jurisdiction. The motion was granted, and plaintiff appealed.

It is contended by defendant, in support of the order appealed from, that the case comes within the rule of Swedish-American Nat. Bank v. Bleecker, 72 Minn. 383, 75 N. W. 740, 42 L. R. A. 283, 71 Am. St. 492, and McKinney v. Mills, 80 Minn. 478, 83 N. W. 452, 81 Am. St. 278, and should be affirmed, for the reason that all the parties—plaintiff, defendant, and garnishee—are nonresidents of this state; that the indebtedness sought to be reached by the garnishee proceedings was not payable in this state, but in North Dakota, where defendant was in the employ of the railway company, and did not arise out of a transaction occurring in this state; hence that the court had no jurisdiction. The contention is not sound. The cases referred to are not here in point.

Much has been said and written on the subject of the jurisdiction of the courts in garnishment proceedings against nonresident parties, particularly in actions where the property sought to be reached is in the form of an indebtedness due the defendant from the garnishee. Many of the courts maintain with plausible argument that for the purposes of garnishment the situs of intangible property, such as debts, is at the domicile of the debtor, and may be attached wherever he may be found, whether in the state of his actual residence or elsewhere; while other courts of equal prominence, and with equal force and earnestness, insist that the debt has its situs with. the creditor, and cannot be reached by garnishment proceedings, except in the state of

his residence. The authorities are collected and reviewed in a note to Goodwin v. Claytor [137 N. C. 224, 49 S. E. 173] 67 L. R. A. 209 [107 Am. St. 479] ; 7 Current Law, 1868.

It is unnecessary to review them in this case, for the question is not here presented. They are all cases where no personal service of the summons was made upon the principal defendant in the state where the action was brought, and were actions or proceedings in rem, pure and simple. In actions of that nature, the jurisdiction of the court extends only to the res, the money or property in the hands of the garnishee, and the court has no authority to proceed unless the subject-matter, by proper service of process, is brought within the control of the court. But we have found no case wherein it has been held that the court is without jurisdiction, though it appear that all the parties are nonresidents of the state, where the summons was personally served upon the principal defendant, as well as upon the garnishee, in the state where the action was brought. In the case at bar, while the nonresidence of the parties is conceded, it appears that both the summons in the principal action and also the garnishee summons, with notice to defendant, were personally served upon defendant while within the state, and, further, that the garnishee, a Wisconsin corporation, is permanently engaged in conducting its business in this state, with an agency herein, and that the garnishee summons was served upon it in the manner required by law. Such facts take the case without the rule of any of the cases referred to. The jurisdiction of the court in a case where personal service is had within the state is not, strictly speaking, in rem, but in personam, and whether the situs of the debt be with the creditor, at his domicile, or with the debtor, the debt in question in this action had a situs in this state within all of the decisions; for both creditor and debtor were found within the borders thereof, and were therein personally served with process in the action. There can be no doubt of the full and complete jurisdiction of the court in such case. Commercial v. Chicago, 45 Wis. 172; East Tennessee v. Kennedy, 83 Ala. 462, 3 South. 852, 3 Am. St. 755; Louisville v. Nash, 118 Ala. 477, 23 South. 825, 41 L. R. A. 331, 72 Am. St. 181; Young v. Ross, 31 N. H. 201; Harris v. Balk, 198 U. S. 215, 25 Sup. Ct. 625, 49 L. Ed. 1023; Louisville & Nashville R.

Co. v. Deer, 200 U. S. 176, 26 Sup. Ct. 207, 50 L. Ed. 426; 1 Shinn, Attach. & Garn. § 5.

There is no suggestion that defendant was fraudulently induced to come within the state, to the end that the summons might be personally served upon him; and the rule laid down in Chubbuck v. Cleveland, 37 Minn. 466, 35 N. W. 362, 5 Am. St. 864, does not apply. The place of payment of the debt, if it be conceded that it sufficiently appears in this case that it was payable in North Dakota, is not important; for the garnishee makes no claim that it cannot be compelled to make payment elsewhere than at the place agreed upon with the creditor. Krafve v. Roy, 98 Minn. 141, 142, 107 N. W. 966, 116 Am. St. 346; Harvey v. Great Northern Ry. Co., 50 Minn. 405, 52 N. W. 905, 17 L. R. A. 84. Nor is it material that plaintiff is a nonresident of this state. He had an undoubted right to bring his action in the courts of this state, under the clause of the federal constitution guaranteeing to the citizens of each state all the rights and privileges of citizens of the several states. 1 Shinn, Attach. & Garn. § 76.

The statement in McKinney v. Mills, supra, that garnishment proceedings should in all cases be dismissed where it appears that all the parties are nonresidents of the state, was not intended to apply to cases where personal service was made upon both defendant and garnishee within the state. The learned trial court apparently relied upon the language of that decision in dismissing the proceedings; but there was no personal service in that case, and the proceeding was one strictly in rem. In the case at bar there was personal service both upon defendant and the garnishee, and the case referred to is not in point.

The order appealed from is reversed.