THOMAS, Appellant, vs. CITIZENS NATIONAL BANK OF POCO-
MOKE CITY, MARYLAND, imp., Respondent.

*May 23—June 17, 1914.*

*Bills and notes: Sale of draft to bank: Evidence: Garnishment: Title to money: Jurisdiction: Nonresident intervener: Property not in state: Denial of jury trial: Harmless error.*

1. Evidence that a sight draft was indorsed by the drawer for deposit to his credit in a bank which had previously obtained a guaranty of the payment of the draft and which credited the drawer with the amount thereof as cash, together with other direct testimony, is *held* to support a finding by the trial court

to the effect that there was a completed sale and transfer of the draft to the bank, notwithstanding the fact that the bank, after being notified of its nonpayment, attempted to charge the draft back to the drawer.

2. The impounding of property or money by garnishment must be accomplished by the process when the suit is instituted under the conditions provided by the statutes.

3. The appearance of a nonresident in a court of this state to assert his right to property in this state which has been garnished, cannot give the court jurisdiction to garnish property or a debt situated outside of the state.

4. Denial of a jury trial was not prejudicial error in a case where the rights of the parties rest on undisputed evidence and were for determination upon the record by the court.

APPEAL from a judgment and an order of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

This is a garnishment action begun in justice's court and appealed to the circuit court. The action in circuit court was tried to the court, which found that the funds sought to be impounded were not liable to garnishment and awarded judgment accordingly. The material facts are not disputed.

It appears that the plaintiff, *A. L. Thomas,* of Green Bay, Wisconsin, purchased of the Peninsula Produce Exchange of Maryland two carloads of potatoes. On the day of shipment the Produce Exchange drew its draft upon the plaintiff in favor of the *Citizens National Bank of Pocomoke City, Maryland.* This bank at the direction of the Produce Exchange requested a guaranty of the draft, and the McCartney Bank of Green Bay had by telegram to the *Citizens Bank of Pocomoke* guarantied payment of this draft, and thereafter the *Citizens Bank* received the following draft dated July 12, 1910, at Pocomoke City:

"At sight pay to the order of *Citizens Nat'l Bank* four hundred and thirty-six and 80/100 dollars, value received, and charge the same to account of Peninsula Produce Exchange of Md.                W. C. CULLEN, Sect. & Treas.

"To the Thomas Produce Co., Green Bay, Wis."

One of the indorsements on the back is as follows: "For deposit to the credit of the Peninsula Produce Exchange of Md. W. C. Cullen, Sect. & Treas." The *Citizens Bank* sent the draft through its correspondents to the Kellogg National Bank at Green Bay and it was paid by the McCartney Bank, which bank had previously received a check from *Thomas* for the amount of the draft. Before the money was sent *Thomas* commenced an action to recover damages for failure of the Produce Exchange to ship potatoes of good quality and garnished the Kellogg. National Bank. In justice's court *Thomas* recovered judgment for damages against the Produce Exchange for $161.80. The *Citizens Bank* intervened in the garnishment action, claiming that it owned the proceeds of the draft. The amount paid by the plaintiff to the Kellogg Bank was paid into court to abide the result of the action. The trial court found that the money paid on the draft to the Kellogg Bank at the time it was garnished was the property of the *Citizens National Bank of Pocomoke City* and that the Kellogg Bank had no property in its possession belonging to the Produce Exchange and that the garnishee was in no way indebted to it. The court awarded judgment against the plaintiff and in favor of the interpleaded defendant, the *Citizens National Bank of Pocomoke City, Maryland,* for costs, and reversed the judgment of the justice's court, and after judgment entered an order directing the plaintiff to restore to the *Citizens National Bank of Pocomoke City* $169.03 with interest from January 21, 1911, the amount which the plaintiff had received of the funds garnished under order of the justice's court. This is an appeal from the judgment and order entered by the circuit court.

*Sol. P. Huntington,* for the appellant, contended, *inter alia,* that garnishment is ordinarily an equitable proceeding. It takes the place of the former creditors' action, and amounts to an equitable levy. *La Crosse Nat. Bank v. Wilson,* 74 Wis. 391, 43 N. W. 153; *Delaney v. Hartwig,* 91 Wis. 412,

64 N. W. 1035; *Bragg v. Gaynor,* 85 Wis. 468, 55 N. W. 919. The impleaded defendant having under sec. 3723*b,* Stats., stepped into the shoes of the garnishee defendant and asserted a claim to this money, at the same time being indebted for the *identical* money to the Produce Exchange, it is liable as garnishee. The court erred in ordering plaintiff to restore to the *Citizens Bank* the property theretofore received by him. Domestic creditors will be protected to the extent of not allowing property or the funds of a nonresident debtor to be withdrawn from the state before such domestic creditors have been paid. Every country will first protect its own citizens. *Woodward v. Brooks,* 128 Ill. 222, 20 N. E. 685; *Catlin v. Wilcox S. P. Co.* 123 Ind. 477, 24 N. E. 250; *Chafee v. Fourth Nat. Bank,* 71 Me. 514, 36 Am. Rep. 345; *Disconto Gesellschaft v. Umbreit,* 127 Wis. 651, 106 N. W. 821.

For the respondent there was a brief by *Greene, Fairchild, North, Parker & McGillan,* and oral argument by *John W. Gauerke.*

SIEBECKER, J. The circuit court found that the Kellogg Bank was not indebted to the Produce Exchange nor had property in its possession belonging to the Produce Exchange when it was summoned in garnishment. This finding is assailed by the plaintiff on the ground that the transaction between the Produce Exchange and the *Citizens Bank of Pocomoke* did not constitute a sale and purchase of the draft. It is said in argument that the trial court came to this conclusion on the fact alone that the *Citizens Bank* credited the Produce Exchange in the passbook for the amount of the draft when it was issued and delivered by the Produce Exchange. The findings of the court indicate and its opinion discloses that this claim is not well founded. The court expressly considered all of the facts and circumstances that entered into the transaction between the Produce Exchange and the *Citizens Bank* and was thereby led to the conclusion that

the transaction constituted a sale and transfer of the draft by the Produce Exchange to the bank. The indorsement of the draft, "For deposit to the credit of the Peninsula Produce Exchange," is pretty direct and clear evidence that the Produce Exchange intended to sell and transfer the draft to the bank, and the credit given it by the bank for the amount of the draft which the bank paid in money on the checks of the Produce Exchange is well nigh conclusive in its effects of a completed sale and transfer between the parties of the draft and its proceeds. Then there is the positive testimony of the officer of the Produce Exchange to the effect that the draft was sold to the bank, and also the testimony of the bank's cashier that the bank received the draft, treated it as a discount, and paid the Produce Exchange in money on checks. These facts established a completed sale and transfer of the draft unless it appeared that there was a special agreement showing that the title to the draft and proceeds thereof was not under these circumstances to pass to the bank. Appellant's claim that these facts can all be harmonized with the custom of banks in handling drafts of this nature for collection only is not sustained, because the evidential facts adduced refute the inference that this draft was merely transferred for collection and show affirmatively that the parties to the transaction intended it as a sale and vested title thereto and the proceeds thereof in the *Citizens National Bank.* The fact that the bank attempted to charge the draft back to the Exchange after being notified of nonpayment when it was presented is not in itself sufficient to neutralize the conclusive character of the sale and transfer; it is rather a subsequent step by one party to the sale to compel repayment by the drawer of the draft in case of its dishonor. We are persuaded that the trial court properly found that the transaction of the parties constituted a sale and purchase of the draft and that the proceeds in the hands of the Kellogg Bank was the property of the *Citizens Bank.* *Aebi v. Bank of Evans-*

*ville,* 124 Wis. 73, 102 N. W. 329; *American Thresherman v. Citizens Bank,* 154 Wis. 366, 141 N. W. 210; *Ditch v. Western Nat. Bank,* 79 Md. 192, 29 Atl. 72, 138.

*The Citizens National Bank* intervened and at the time that the summons was served was indebted to the Produce Exchange in the sum of $151 on an open running banking account. The bank and Produce Exchange are nonresidents of Wisconsin and the situs of the debt against the bank would be Pocomoke City, Maryland. The impounding of property or money by garnishment must be accomplished by the process when the suit is instituted under the conditions provided by the statutes governing and regulating garnishment proceedings. We cannot perceive how the proceeding can reach property or a debt in the state of Maryland. The *Citizens Bank* appeared in the action to assert its rights to the property in this state which had been impounded by the garnishment proceeding. An appearance of a nonresident in the courts of this state cannot operate to give the court jurisdiction to impound property that cannot otherwise be reached because it is situated outside of the state and therefore not subject to garnishment by the courts of this state. *Kuehn v. Nero,* 145 Wis. 256, 130 N. W. 56.

The contention that the court committed prejudicial error in denying the plaintiff's request to have the action tried by a jury cannot prevail. Assuming, without deciding, that a right to a jury trial exists, it did not operate prejudicially in this case, because the rights of the parties rest on undisputed evidence and were a matter for determination upon the record by the court. The court properly ordered the plaintiff to restore to the bank the amount the justice's court had improperly turned over to him. The justice's court judgment of necessity was wholly reversed, and the plaintiff had no right to any moneys received under it.

*By the Court.*—The judgment and order appealed from are affirmed.