## I. A. STUB v. JOSEPH E. HEIN.[1]

### March 19, 1915.

### Nos. 19,266—(314).

**Judgment against garnishee.**

1. A judgment cannot be rendered against a garnishee upon an unevasive disclosure which does not affirmatively and clearly show liability on his part.

**Discharge of garnishee sustained.**

2. Garnishee's disclosure and supplementary evidence considered and *held* to sustain the order of the trial court discharging the garnishee.

Action in the district court for Ramsey county to recover $12,875. The First National Bank of St. Paul was garnished and disclosed that it had in its possession at the time of the service of the garnishee summons certain notes and mortgages forwarded to it by the First National Bank of Conrad, Montana. The motion of the garnishee for an order discharging it was granted, Kelly, J. From the order discharging the garnishee, plaintiff appealed. Affirmed.

*O'Malley & O'Malley,* for appellant.

*John R. Donohue,* for garnishee respondent.

SCHALLER, J.

From the garnishee's disclosure it appeared that at the time of the service of the garnishee process it was in possession of certain notes and mortgages payable to Warren W. Hurd and William E. Simpson, and indorsed and assigned in blank, which it had received

---

[1] Reported in 152 N. W. 136.

from the First National Bank of Conrad, with instructions to deliver to one S. D. Gunderson, or his order, upon payment of principal and interest, the proceeds to be credited to the account of the Conrad bank. Further than this the garnishee disclaimed all knowledge of the ownership of these securities, the only other material fact of its disclosure being that the garnishee advised the Bank of Conrad of the garnishment and received no reply. In addition to the garnishee's disclosure, however, the testimony of Hurd and Gunderson was received, upon plaintiff's proffer, to the effect that the notes and mortgages had been previously sold to defendant by Hurd, and immediately redelivered to the latter as collateral security for the performance of the conditions of a certain contract between them, with the understanding that they were to be sent to the Bank of Conrad for final delivery to Hein upon his performance of such conditions; that Hurd thereafter, at Hein's request, sent the securities to the Conrad bank; and that the latter sent them to the garnishee pursuant to a request by letter from Gunderson to defendant. It did not appear whether or not the conditions of the contract between defendant and Hurd were performed, nor whether the securities were ever finally delivered to defendant.

1. Respondent insists that the testimony of Hurd and Gunderson should not be considered in determining the propriety of the court's order discharging the garnishee. The testimony of other witnesses may be received in garnishment proceedings for the purpose of supplementing and explaining the garnishee's disclosure; but it has never been held that where the garnishee denies liability any issue thereon may be adjudicated, unless the facts clearly show liability. The statute (G. S. 1913, § 7870), prescribes the procedure under such circumstances.

2. But conceding, without deciding, that all the evidence introduced may be considered, we are nevertheless satisfied that the court below arrived at the correct conclusion.

An unbroken line of decisions in this state establishes the doctrine that it must clearly appear from the disclosure that the garnishee was either indebted to or had property of defendant in his posses-

sion at the time of the service of the garnishee process, and that the burden of proof is on plaintiff to show these facts. Chase v. North & Carll, 4 Minn. 288 (381); Cole v. Sater, 5 Minn. 378 (468); Leighton v. Heargerty, 21 Minn. 42; Vanderhoof v. Holloway, 41 Minn. 498, 43 N. W. 331; McLean v. Sworts, 69 Minn. 128, 71 N. W. 925, 65 Am. St. 556; Pitzl v. Winter, 96 Minn. 499, 105 N. W. 673, 5 L.R.A.(N.S.) 1009. The language of one of these cases (Chase v. North) goes to the extent of declaring that "if the facts disclosed leave reasonable doubt as to whether he is owing the principal debtor, or has property in his hands belonging to him, judgment should be rendered in favor of the garnishee." It is not necessary, however, to subscribe literally to this statement in order to dispose of the present case; for certainly a judgment cannot be rendered against a garnishee upon an unevasive disclosure which does not affirmatively and clearly show liability on his part. A careful examination of the evidence upon which the trial court based its order, leaves the mind in doubt as to whether the securities in question belonged to the Conrad bank, to Hurd or to defendant. Under these circumstances the order appealed from must be affirmed.