## NATIONAL EXCHANGE BANK OF ST. PAUL v. JOHN C. SOLBERG AND ANOTHER. JOSEPH SACK, GARNISHEE.[1]

November 2, 1928.

No. 26,878.

**Property subject to garnishment.**

Where bills for labor and material used by him remain unpaid by a contractor who has agreed to pay all of them as incident to the completion of his contract, money unpaid on such contract is not subject to garnishment because its payment depends upon a contingency.

Garnishment, 28 C. J. § 172 p. 130 n. 2.

Action in the district court for Ramsey county to recover $2,300. After Joseph Sack, the garnishee, disclosed that at the time he was served with the garnishee summons he held $1,628.41 which he had not paid to defendants, plaintiff's motion for judgment was granted in the sum of $518.61. Subsequently the garnishee's motion to vacate the judgment and allow him to make an additional disclosure was granted. After such disclosure the case was tried before Richard D. O'Brien, J. who ordered judgment in favor of the garnishee. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Kerr, Nelson, Burns & Mohan,* for appellant.

*Sexton, Mordaunt & Kennedy,* for respondent.

WILSON, C. J.

Plaintiff appealed from an order denying its motion for a new trial as to the garnishee. It has judgment against defendants who are not parties to the present appeal.

The garnishee had contracts with Ramsey county for the construction of a contagious building in connection with Ancker Hos-

[1]Reported in 221 N. W. 677.

pital in St. Paul. This included painting and decorating. He gave bond to the county for the payment of all bills for labor and material required. He sublet the painting and decorating to defendants, who gave him a bond for the payment of all bills for labor and material required.

When the garnishee summons was served defendants had completed their work. They were insolvent. They owed $1,680.43 for labor and material used in the work, and $1,628.41 remained unpaid on their contracts with the garnishee. The county would not pay the garnishee money accruing under his contract with the county until he made and filed an affidavit that all labor and material was paid in full, and in order to put himself in a position to collect he paid the $1,680.43 after the garnishee summons was served and made and filed the required affidavit and received his money.

The court held that the garnishment proceedings were futile.

In order to complete the contract with the garnishee the defendants had to pay the bills for labor and material used. Johnson v. Laurence, 171 Minn. 202, 214 N. W. 24; Guaranteed G. & S. Co. v. Aetna Cas. & Surety Co. 174 Minn. 366, 219 N. W. 546. That was their contractual obligation. At the time the garnishee summons was served this had not been done. Until they did this they were not in a position to enforce payment from the garnishee since payment depended upon a contingency. G. S. 1923, § 9360; Security State Bank v. Brecht, 150 Minn. 502, 185 N. W. 1021; 3 Dunnell, Minn. Dig. (2 ed.) § 3965a. The contingency was defendants' payment of the bills for labor and material used. Defendants were not in a position to compel the garnishee to look to their surety for protection. The plaintiff could obtain no better position with respect to the garnishee than the defendants would occupy in a suit by them against the garnishee. Bacon v. Felthous, 103 Minn. 387, 115 N. W. 205. It is unnecessary to discuss the garnishee's payment of certain bills after the garnishee summons was served or whether he had in fact guaranteed payment to one particular creditor.

Affirmed.