JOHN E. REGAN AND ANOTHER v. MANLEY PETERS.
MINNESOTA PIPE & TILE COMPANY, GARNISHEE.
SOUTHERN SURETY COMPANY AND FRANK DEWAR,
INTERVENERS.[1]

November 9, 1928.

Nos. 26,446, 26,447.

**Garnishment.**

New trial of claims of plaintiffs and interveners against garnishee was granted because judgments were not sustained by evidence. [Reporter]

Proceeding in garnishment in the district court for Blue Earth county tried before Comstock, J. There were findings for the plaintiffs and the intervener Dewar against the garnishee and the intervener surety company. From an order, Harry A. Johnson, J. denying their motion for a new trial, the garnishee and the intervener surety company appealed. Reversed.

*C. J. Laurisch* and *S. Bailey Wilson, Jr.* for appellants.

*John E. Regan* and *B. D. Grogan,* for respondents Regan & Grogan.

*Morse & Morse,* for respondent Dewar.

PER CURIAM.

The garnishee and the intervener Southern Surety Company appeal from the order denying their motion for a new trial.

Plaintiffs obtained judgment against the defendant, Peters, May 5, 1926, for $366.22. Garnishment was issued against the garnishee Minnesota Pipe & Tile Company. The garnishee disclosed an indebtedness of $477.10 due to Peters, but subject to claims owing by him upon a contract with the garnishee for hauling tile under a contract which the tile company had with the city of St. Paul. The respondent Dewar entered judgment against Peters on August 31, 1926, for $152.81. Of this amount $135 was represented by an assignment from Peters of $135 owing him by the Minnesota Pipe & Tile Company. This assignment was prior to the plaintiffs' garnishment. The Minnesota company undertook to pay the assignment if there remained sufficient money after the payment of the claims on defendant's contract with the tile company. The Southern Surety Company was the surety on the contract of Peters with the tile company.

Dewar and the surety company intervened. The trial court allowed the plaintiffs $366.22 on their judgment and allowed Dewar $110.88, this being

[1]Reported in 221 N. W. 718.

the difference between $477.10 and $366.22. There were claims of those who had contributed work or material to the Peters contract in the sum of $382.72, for which the surety company paid $354.26. Among them was a charge of $75 for a tire purchased about the time the work closed and another $160 for a tire. Whether these two items were properly chargeable against the contract of Peters does not appear clearly. The trial court allowed no part of the $354.26.

It may be that the garnishment was not sustainable upon the theory that the $477.10 was owing upon a contingency; that is, that it was not owing until the claims for work done for Peters on the contract were paid. National Exch. Bank v. Solberg, 175 Minn. 436, 221 N. W. 677. This point does not seem to have been definitely urged before the trial court. The surety company and Dewar were interveners, and the controversy seems to have been over the distribution of the fund of $477.10.

The findings cannot be sustained. A new trial must be had. We make no suggestion as to further procedure or as to what the distribution should be. While the facts are much involved and the record presented to us is unnecessarily confusing, the parties ought to have little trouble in determining the disposition of the $477.10 in conformity with their substantial rights.

Order reversed.

Wilson, C. J. took no part.