FIRST STATE BANK OF NEW YORK MILLS, BY A. J. VEIGEL, v. LOUIS WEST. HENRY OJA, GARNISHEE; HILMA MERIKANTO, INTERVENER.[1]

January 22, 1932.

No. 28,749.

[1]Reported in 240 N. W. 892.

*Victor H. Gran* and *John Swinland,* for appellant.
*Jesse A. Schunk,* for plaintiff-respondent.

WILSON, C. J.

Hilma Merikanto appealed from an order denying her motion for leave to intervene.

Isaac West died testate. He bequeathed $1,000 to one of his sons, Louis West, to be paid from the sale of real estate. All of decedent's personal property was bequeathed to one daughter and her husband. The balance of the proceeds from the sale of the real estate was bequeathed to other children. The will has been admitted to probate, and Henry Oja is the executor thereof.

Appellant owns a judgment docketed in the district court of St. Louis county on May 16, 1925, for $567.57. She caused an execution to be issued on June 17, 1930, and on August 1, 1930, the sheriff levied upon the interest of Louis West in his father's estate in an effort to reach the $1,000 legacy.

Plaintiff claims to have a judgment entered against Louis West on substituted service. The summons was delivered to the sheriff on April 19, 1930. A return of not found was made April 30, 1930, and the summons was served by publication. An affidavit for garnishment was filed with the clerk of court on April 21, 1930. Garnishee summons was served on April 30, 1930. The garnishee

appeared and without objection made disclosure on May 14, 1930. He disclosed that he was such executor, that he had charge of the estate which was then in process of being probated, that he was not then in a position to pay any of the bequests to the persons entitled to them by the terms of the will, which was put in evidence. He testified that he did not know the approximate amount of property that decedent owned at the time of his death and had no idea as to the amount of expense that would be incurred in probating the estate. He stated that decedent owned two farms and that there were two checks "for $350 and the other $400 and something" and also a note for $500, and that these two checks and the note were enough to pay all the expense. Judgment was ordered against the garnishee for $339.69 on April 25, 1931, that apparently being the amount of plaintiff's judgment against the defendant.

■ Various grounds are assigned in attack upon the jurisdiction of the court based upon technical deficiencies in the proceeding. We need not however consider them in view of our opinion as to the disclosure. No person shall be adjudged a garnishee by reason of any money or other thing due to the defendant unless at the time of the service of the garnishee summons the same is due absolutely and without depending on any contingency. G. S. 1923 (2 Mason, 1927) §§ 9360, 9361. The impounding of property or money by garnishment must be accomplished by the process when the suit is commenced under the conditions stated in the statute. The service of the garnishee summons attaches and binds all the property and money in the hands or under the control of the garnishee at the date of such service. G. S. 1923 (2 Mason, 1927) § 9359. In the instant case the disclosure failed to show what the situation was on the date of the service of the garnishee summons. The entire examination was directed to the situation at the time of the disclosure and not to the situation on the date of the service of the garnishee summons, and the statements in the disclosure are insufficient to support a judgment against the garnishee.

The disclosure is also inadequate in that it does not show what debts would have to be paid, if any; nor does it negative the ex-

istence of debts. Perhaps no one could know. It is plain that the $1,000 legacy was not "due absolutely and without depending on any contingency." It was not therefore garnishable. Stub v. Hein, 129 Minn. 188, 152 N. W. 136; National Exch. Bank v. Solberg, 175 Minn. 436, 221 N. W. 677; Lundstrom v. Hedge, 185 Minn. 40, 239 N. W. 664.

■ Plaintiff's order for judgment against the garnishee, and indeed his claimed judgment against the defendant, depend upon the success and validity of the garnishment. Aultman, Miller & Co. v. Markley, 61 Minn. 404, 63 N. W. 1078. Defendant, being a nonresident and service being by publication, no personal judgment is acquired. A judgment so obtained is effectual only as to the property seized, seized here by garnishment. The proceeding is purely in rem. Indeed, the court is without jurisdiction to proceed unless a res is brought into its control by proper process and proceeding. McShane v. Knox, 103 Minn. 268, 114 N. W. 955, 20 L.R.A.(N.S.) 271. It is only by seizing property such as by attachment or garnishment that jurisdiction can be acquired by substituted service, and then only to the extent of the property seized. 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7836. Where, as here, nothing is seized, there is no jurisdiction. Such a proceeding is subject to attack either directly or collaterally at any time. Dunnell, Minn. Pr. § 347; Elwood H. Royer, Inc. v. Mershon, 184 Iowa, 1065, 169 N. W. 400; State ex rel. Austrian, Wise & Co. v. Duncan, 37 Neb. 631, 56 N. W. 214; Schaller & Son v. Marker, 136 Iowa, 575, 114 N. W. 43; Thomas v. Citizens Nat. Bank, 157 Wis. 635, 147 N. W. 1005; 12 R. C. L. 826; Bristol v. Brent, 36 Utah, 108, 103 P. 1076, 140 A. S. R. 804, 21 Ann. Cas. 1129.

■ But is the appellant entitled to be heard as an intervener? We think she is. Obviously she has such an interest in the matter in litigation that she may lose by the direct legal effect of the judgment herein. The statute seems applicable. G. S. 1923 (2 Mason, 1927) § 9263. But whether it is or not, the court has inherent power to grant the application. Webster v. Beckman, 162 Minn. 132, 202 N. W. 482. This case is within the spirit of the statute.

Wohlwend v. J. I. Case T. M. Co. 42 Minn. 500, 44 N. W. 517; Faricy v. St. Paul I. & S. Society, 110 Minn. 311, 125 N. W. 676. See also 123 A. S. R. 308, 310; In re Langevin, 45 Minn. 429, 47 N. W. 1133. Where the court has jurisdiction of the res and its decree affects the interest therein of all persons having any such interest, a person who claims a lien or claim upon or other interest in the res should be permitted to intervene. In such situation he has an interest, in a legal sense, in the subject matter of the controversy. Appellant, having levied upon the property involved, should be heard to challenge the validity of plaintiff's claim thereto. She acted promptly.

The order before us for review was based upon the records. The original files are available. No certificate of settled case is required. Fidelity-Philadelphia Tr. Co. v. Brown, 181 Minn. 392, 232 N. W. 740.

Reversed.