## IRA BIDWELL, VS. SARAH B. WEBB.

The notice of sale required by the act entitled ''An act in relation to the redemption of lands sold for taxes, and relating to taxes and tax sales, approved March 11, 1862,'' is essential to the validity of the sale.

A notice of sale containing no further description of the premises than the following, viz :

'' ROBERTS & RANDALL'S ADDITION.
'' Lot 11, Blk 20
'' Lot 12, Blk 20,''

And nowhere describing said lots or said Addition as being in the city of Saint Paul, nor in Ramsey county, nor mentioning nor referring in any manner to said county except that the notice was headed ''Auditor's Office, Ramsey County, Minn., St. Paul, Dec. 8, 1862,'' is insufficient.

The statement at the head of the notice is merely the date of the advertisement identifying the Auditor's office whence and the time when the notice issued, and cannot be regarded as referring to the premises to be sold, or aid in the description.

The purchaser of the premises at a tax sale in pursuance of such notice, acquired no title.

The only matters embraced within the purview of *Sec.* 1, *Chap.* 64 *of the Compiled Statutes*, are claims to *estates* or *interests* in real property adverse to the occupant.

The lien conferred by the 8*th section* of the tax law referred to, cannot be adjudicated in an action under *section* 1, *chapter* 64, above mentioned ; but the purchaser at the tax sale must resort to a separate action to enforce such lien.

This action was brought in the Ramsey County District Court, under *Sec.* 1, *Chap.* 64, *Pub. Stat.*, to determine the adverse claim of the defendant to certain real estate in the city of St. Paul, of

which the plaintiff claimed to be in possession. The case was tried in the court below by a referee, who found in favor of the plaintiff, and judgment was entered up against the defendant, who sued out a writ of error, and brought the cause to this court. A sufficient statement of the case will be found in the opinion of the court.

SMITH & GILMAN, with EDWARD WEBB, for Plaintiff in Error.

GEO. L. OTIS, for Defendant in Error.

*By the Court*—McMILLAN, J.—This action is brought under *sec.* 1, *chap.* 64 *of the Compiled Statutes.* The complaint alleges that the plaintiff is the owner and in possession of Lots 11 and 12, in Block 20, in Roberts & Randall's Addition to St. Paul, and that the defendant claims an interest and estate in and to the premises adverse to the plaintiff, and demands that such adverse claim, estate and interest be determined, &c.

The defendant, after taking issue on the allegations in the complaint, sets up a title by purchase at tax sale under the provisions of an act of the Legislature, approved March 11, 1862, entitled "An act in relation to the redemption of lands sold for taxes, and relating to taxes and tax sales." She also claims a lien on the premises, in case her title should be adjudged invalid, for the amount of the purchase money and subsequent taxes on the premises paid by her.

The first question to be determined is the validity of the title acquired by the defendant by the tax sale. *Section* 7 of the act referred to is as follows : That any person having or claiming any right, title or interest in or to any land or premises after a sale under the provisions of this act adverse to the title or claim of the purchaser at any such tax sale, his heirs or assigns, shall within one year from the time of the recording of the tax deed for such premises commence an action for the purpose of testing the validity of such sale, or be forever barred in the premises. *Sess. Laws*, 1862, *p.* 35. The tax deed of the defendant was

recorded on the 23d day of December, 1863. This action was commenced in January, 1864. The action having been brought within the time limited by the statute, the validity of the sale is a proper subject of inquiry.

The second section of the act prescribes, among other things, that it shall be the duty of the County Auditor to advertise the lands for sale, stating therein that such lands will be sold as forfeited to the State under the provisions of the act, and the time and place of sale, which time shall be on the second Monday in January, 1863. There is no provision making the tax deed evidence of the preliminary proceedings. The notice of sale required by the statute is essential to the validity of the sale; it is a condition precedent to the authority of the officer to sell the land. The referee finds that the notice of sale in this case contained no further description of the premises than the following, viz:

> "ROBERTS & RANDALL'S ADDITION.
> "Lot 11, Blk 20
> "Lot 12, Blk 20,"

"And nowhere described said lots or said addition as being in the city of St. Paul, nor in Ramsey county, nor was said county mentioned nor in any manner referred to in said notice, except that the same was headed and dated as follows:

"Auditor's Office, Ramsey County, Minn., St. Paul, December 8, 1862."

One object of advertising tax sales is to give notice to the tax payer that he may pay the tax; another equally important is to give notice to the public that they may have an opportunity of being present at the sale and bidding for the land. In describing the land the advertisement must give a particular and certain description, so that the owner may know that it is his land, and bidders may ascertain its locality with a view to the regulation of their bids. *Blackwell on Tax Titles, p.* 266. The description in this case is insufficient. It is impossible to determine from the description of the land in the notice what addition of Roberts & Randall is referred to. It may be an addition to St. Paul, St. Anthony, or any other place—it may be in Ramsey or any other

vol. x.—9

county. The plaintiff was not informed by this notice that it was his land was taxed, nor could bidders ascertain from the notice the locality of the land. The statement at the head of the notice is merely the date of the advertisement identifying the Auditor's office whence, and the time when the notice issued, and cannot be regarded as referring to the premises to be sold, or aid in their description. The officer therefore had no authority to sell, and the sale is void. The defendant therefore acquired no title by her purchase and took nothing by her deed.

As a further defence the defendant sets up facts which she claims constitute a lien in her favor on the premises described in the complaint.

The section of the statute under which this action is brought is as follows: "An action may be brought by any person in possession, by himself or his tenants, of real property, against any person who may claim an estate or interest therein adverse to him, for the purpose of determining such adverse claim, estate or interest." *Comp. Stat., chap.* 64, *sec.* 1, *p.* 595.

The only matters embraced within the purview of this section are claims of *estates* or *interests* in real property adverse to the occupant. *Meigher et al. vs. Strong*, 6 *Minn.*, 179. A lien upon land is not an estate or interest in it, but merely a charge upon it. 2 *Bouv. L. Dic., Title Lien.* So far, therefore, as the defendant's claim for a lien on the premises is concerned, it is not by the terms of the statute a proper subject for adjudication in this action. Nor is this such an action as is contemplated by the 8*th section* of the tax law which confers the lien and provides that it "may be enforced by action or required by the Court to be paid before awarding a writ of possession to the person claiming adversely to the purchaser at the tax sale or his assignee," for, as the plaintiff must necessarily be in possession to maintain this action, he neither asks nor needs aid from the Court to obtain possession. The defence, therefore, cannot be sustained, but the defendant must resort to a separate action to enforce her lien. This view of the case renders it unnecessary to consider any other of the questions raised upon the argument. But as the judgment

entered in the Court below determines that the defendant has no interest, *lien* or estate, in or to the premises, it should be so modified as to exclude any adjudication upon the question of the defendant's lien upon the premises. With this modification the judgment below is affirmed.