LOUIS VANDERHOOF and another *vs.* ENOCH HOLLOWAY and another, Garnishees of Caroline McAffee.

### October 18, 1889.

Garnishment—Disclosure.—The disclosure of the garnishees *held* insufficient to warrant a judgment aganst them.

Same—Application for Judgment—Supplemental Complaint.—Upon application for judgment upon the disclosure of a garnishee, the disclosure must be taken as true; and, if the plaintiff is not satisfied with it, his only course is to proceed by supplemental complaint.

Appeal by the garnishees from a judgment of $45.30 against them in the municipal court of St. Paul.

*E. R. Holcombe,* for appellants.

*S. E. Hall,* for respondents.

MITCHELL, J. The disclosure of the garnishees was wholly insufficient to warrant a judgment against them. It was, in substance, that they were employed as auctioneers by defendant's husband and agent to sell her household furniture at auction, at her house, they to receive as their commission 10 per cent. of the total amount of sales, the defendant's husband to do the collecting. The garnishees sold the furniture under this contract, the aggregate amount of the sales being $490. All the money was collected by defendant's husband from the purchasers, except the first $45, which was all the money that ever came into the hands of the garnishees, being less than the amount of their commission. After this $45 had been received by them, and while the auction sale was still in progress, the garnishee summons was served.

Judgment can be rendered against a garnishee on his disclosure only when he admits that he is owing the principal debtor, or that he has in his possession or under his control property belonging to him, or when the facts stated by him in his disclosure clearly and beyond doubt show that such is the case. *Banning* v. *Sibley*, 3 Minn. 282, (389;) *Chase* v. *North*, 4 Minn. 288, (381;) *Cole* ·v. *Sater*, 5 Minn. 378, (468.) The disclosure in this case not only did not show any such state of facts, but, on the contrary, affirmatively showed that the garnishees never had in their possession any money in excess of the sum due them for their commission. The fact that they were garnished did not in any way affect their right to proceed and complete their contract to sell defendant's furniture. They had a right to retain enough of the proceeds of the sale which came into their hands to pay their entire commission, and· it was immaterial whether this was the proceeds of the first or last articles sold. Plaintiffs suggest that the disclosure was not truthful, or at least not fair and full, and that it indicated that the defendant and the garnishees colluded to evade the effect of the garnishee summons. But where judgment is asked for on the disclosure of the garnishee his statement must be taken as true; and if the plaintiff is not satisfied with the disclosure his only course is to proceed by supplemental complaint in the manner pointed out by statute.

Judgment reversed.