JULIA OLSON and Others v. FRANK W. THORNDIKE.

June 1, 1899.

Nos. 11,553—(155).

Government Survey—Meander Line—Boundary.

According to the government survey, the meander line of a fractional government lot purported to coincide with the bank of a river, but in fact it did not do so, and there was a strip of land between the meander line and the river. *Held*, the lot extended to, and was bounded by, the river.

Appeal by defendant from a judgment of the district court for Big Stone county in favor of plaintiffs, entered pursuant to the findings and order of C. L. Brown, J. Affirmed.

*Burt F. Lum* and *Dickinson & Lum*, for appellant.

*Aaron B. Kaercher*, for respondents.

CANTY, J.[1]

This is an action of ejectment for a strip of land which it is claimed exists between the meandered line of a government lot and the Minnesota river, which was near by. The findings of the trial court are somewhat indefinite, and there is in the return no settled case, bill of exceptions, or plat of the strip of land in controversy, or of the location of the government lot on the river. On the trial, the court, sitting without a jury, found that plaintiffs are the owners of said government lot (lot 5), that the same was surveyed by the United States government authorities in 1865, and a patent for the land was issued to plaintiffs' ancestor in 1880. Thereafter, in 1881, the United States authorities authorized a survey of said strip as unsurveyed land. The same was surveyed accordingly, and the United States subsequently made a patent of the strip to defendant's grantor. It would seem from the description of this strip, as found in the complaint and referred to in the findings of the court, that the strip is about 51 rods long, 26 rods wide at one end, running to a point at the other end. The court ordered judgment for plaintiffs, and from the judgment entered accordingly defendant appeals.

We are of the opinion that the judgment should be affirmed on the principles laid down in Schurmeier v. St. Paul & P. R. Co., 10 Minn. 59 (82), affirmed in Railroad Co. v. Schurmeier, 7 Wall. 272. As said in the latter decision, at page 286,

"Meander-lines are run in surveying fractional portions of the public lands bordering upon navigable rivers, not as boundaries of the tract, but for the purpose of defining the sinuosities of the banks of the stream, and as the means of ascertaining the quantity of the land in the fraction subject to sale, and which is to be paid for by the purchaser."

The present case cannot be distinguished in principle from that case. There may be cases in which the error in the government survey is so gross that the purchaser of the fractional or supposed

[1] BUCK, J., absent.

fractional subdivision of government land will not take to the shore of the stream or lake, although the plat of the subdivision calls for such shore as one of the boundaries. It was held that Whitney v. Detroit, 78 Wis. 240, 47 N. W. 425, presented such a case. That case is cited in Lamprey v. Mead, 54 Minn. 290, 55 N. W. 1132. But there is nothing in the record from which it can be held that this is such a case, and we must hold that said government lot extends to, and is bounded by, the Minnesota river.

Judgment affirmed.