## TWIN CITY FIRE INSURANCE COMPANY v. MIDLAND NATIONAL BANK OF MINNEAPOLIS.[1]

March 19, 1926.

No. 24,946.

**Judgment against garnishee pledgor properly denied where plaintiff omitted statutory method of obtaining collateral held by garnishee.**
    Judgment against garnishee properly denied where garnishee, a pledgor having the right so to do, sold its claim against the defendant and its lien on the collateral security, and plaintiff has not availed itself of G. S. 1923, § 9376, permitting it, in order to protect its own rights, to pay the debt secured by the pledge.

    Garnishment, 28 C. J. p. 90 n. 90.

[1]Reported in 208 N. W. 22.

Appeal by plaintiff from an order of the district court for Hennepin county, Bardwell, J., denying its motion for judgment against the garnishee bank. Affirmed.

*Thomas M. Strickler,* for appellant.

*Ueland & Ueland,* for respondent.

PER CURIAM.

Appeal by plaintiff from an order denying its motion for judgment against the garnishee whose disclosure was that it held certain personal property of the defendant as security for the payment of defendant's promissory note to it. The record shows that the garnishee has sold the note for its face value. That sale carried with it the pledge of defendant's collateral, the property sought to be held by this garnishment. Under G. S. 1923, § 9376, it appearing that the garnishee had a lien on that property, plaintiff on motion might have been permitted to pay the amount of the secured debt and so procure for itself the benefit of the pledge. It did not pay the debt nor make an attempt to take advantage of this statute permitting it to do so. So for that reason alone plaintiff was not entitled to judgment against the garnishee.

Order affirmed.

Mr. Justice Holt took no part.