## DOUGLAS STATE BANK v. JOHN MEYERS.
## OLMSTED COUNTY BANK & TRUST COMPANY, GARNISHEE.[1]

December 26, 1930.

No. 28,176.

*Burt W. Eaton* and *Theodore A. Schacht,* for appellant.
*Christensen & Ronken,* for respondent.

[1]Reported in 233 N. W. 864.

Holt, J.

The garnishee appeals from the judgment rendered against it upon its disclosures.

The facts appearing from the record are these: Plaintiff sued defendant to recover a debt, and ancillary to the main action garnisheed appellant on July 2, 1925. At the disclosure taken July 29, 1925, the president of the garnishee appeared without attorney and in answer to questions put to him by plaintiff's attorney disclosed that the garnishee held notes aggregating $6,791, given by Anthony Klennert to defendant and secured by a mortgage upon two lots in the village of Oronoco, which notes and mortgage were so held as collateral security (the mortgage being assigned to the garnishee September 27, 1923) to defendant's promissory notes to the garnishee for $1,750 and $181.70 additional expenses incurred by the bank and interest.

Nothing further was done in the garnishee proceeding until an order was served February 24, 1928, upon the garnishee to show cause why judgment should not be entered against it for the amount of the judgment rendered in favor of plaintiff and against defendant in the main action on December 2, 1926, for $2,704.25, less $75 paid thereon. Before the order to show cause was heard, the garnishee sought and obtained leave to make a supplemental disclosure, on the ground that, not being represented by attorney and because of the ignorance of the officer who made the disclosure of legal procedure, there was not a full disclosure of all the facts. The supplemental disclosure revealed that in January, 1925, the garnishee began a proceeding to sell the Klennert notes and mortgage for the purpose of collecting the debt of defendant to the garnishee and to which they were collateral. Before the proceeding was completed defendant and the garnishee, on March 10, 1925, entered a written agreement, which, after reciting the facts of defendant's indebtedness to the garnishee, the giving of the collateral security, and the default of defendant, proceeds:

"Now therefore, it is hereby agreed by and between the parties hereto that the said John Meyers hereby waives the necessity of

having said notes and mortgages held by the Olmsted County Bank and Trust Company as collateral put up for sale and he hereby authorizes and directs the said Olmsted County Bank and Trust Company to foreclose said mortgage, and to bid in the premises at the sale for the full amount which shall then be due thereon, and if said mortgage is never redeemed from said foreclosure sale the Olmsted County Bank and Trust Company is to become the absolute owner of said property without any obligation to pay anything further to said John Meyers. The Olmsted County Bank and Trust Company agrees with the said John Meyers that in case there is a redemption made from the said foreclosure sale that said bank will pay the said John Meyers all sums over and above the amount or amounts that shall be then due and owing to said Bank from said John Meyers upon said notes, the expenses of the foreclosure and the expense that has already been incurred in the action now pending, together with twenty-five dollars, attorney's fees, already incurred.

"The Olmsted County Bank and Trust Company further agrees to and with the said John Meyers that it will assign the said certificate of foreclosure sale to the said John Meyers at any time before the year of redemption expires upon the payment to said bank by said John Meyers of all amounts then due and owing said bank by said John Meyers plus the expenses of foreclosure and the expense of the action which has been commenced and which is to be dismissed by said bank."

Immediately thereupon the foreclosure of the Klennert mortgage was begun and culminated by the issuance of the sheriff's certificate of sale dated April 27, 1925, whereby the premises mortgaged were sold to the garnishee for $7,559.80, subject to redemption within one year from April 27, 1925. The certificate was duly recorded. No redemption was made. Upon the original and supplemental disclosures the court entered the judgment from which the appeal is taken.

Respondent insists that the court erred in permitting the supplemental disclosure, and hence this court should place a decision

solely on the original disclosure. The matter of permitting a supplemental or further disclosure is largely within the discretion of the trial court. Milliken v. Mannheimer, 49 Minn. 521, 52 N. W. 139, so states. In Carlson v. Stafford, 166 Minn. 481, 208 N. W. 413, a further or supplemental disclosure was allowed after an order had been made for judgment against the garnishee. There, as here, at the original disclosure the garnishee was not represented by attorney. See also National Exch. Bank v. Solberg, 175 Minn. 436, 221 N. W. 677. We think there was no abuse of judicial discretion in granting the supplemental disclosure. Both being made, the decision must rest on both.

The disclosures clearly show that the garnishee was not indebted to defendant and that the only interest or property which plaintiff laid hold of by the garnishment was the interest of defendant in the Klennert notes secured by the real estate mortgage assigned to the garnishee, which mortgage had been duly foreclosed and the premises bid in for $7,559.80 on April 27, 1925, almost three months prior to the service of the garnishee summons. Nothing was therefore reached by the garnishment except the statutory right of defendant to redeem, augmented, if at all, by the contract in part above quoted. It is scarcely necessary to cite authorities to the proposition that plaintiff by this garnishment reached or laid hold of no greater right or interest in or to these Klennert notes and mortgage than had defendant when the garnishment was made. It is enough to call attention to but two of our decisions. Bacon v. Felthous, 103 Minn. 387, 115 N. W. 205; Hansen v. Wilmers, 162 Minn. 139, 202 N. W. 708. It seems clear that as matters actually stood between this defendant and the garnishee at the time of the garnishment no money judgment could possibly have been rendered against the garnishee.

But plaintiff urges that the garnishee is estopped by its first disclosure, upon which it had a right to rely, and that it is not now possible to place plaintiff in the same position it then occupied. The record shows that plaintiff's attorney put all the questions that were put to the officer who appeared to disclose for the garnishee.

No question was asked as to the due date of the notes to which the Klennert notes and mortgage were collateral. They were then in default. Plaintiff was a bank and so was the garnishee. Banks do not take long time notes, nor are they slow in foreclosing on collaterals; but no questions were asked at the disclosure as to any steps taken or in contemplation. Not only that, plaintiff by the disclosure was informed of the book and page where the Klennert mortgage was recorded. An examination of those records would have indicated that the foreclosure had already been had. Plaintiff made no move until the beginning of the year 1928 to ascertain what had taken place in respect to the Klennert mortgage. Plaintiff has been so dilatory in ascertaining its rights and availing itself of the applicable statutes that it is not in a position to urge estoppel as to the garnishee.

G. S. 1923 (2 Mason, 1927) § 9376, reads:

"If it appear that the garnishee has a lien on such garnished property, or that it is in any way liable for the payment of a debt due to him, the plaintiff, on motion, may be permitted to pay the amount thereof, and the amount so paid shall be repaid to plaintiff, with interest, out of the proceeds of the sale of such property. If the garnishee refuses or neglects to comply with any order of the court in the premises, he may be punished for a contempt, and also shall be liable to the plaintiff for the value of such property, less the amount of his lien: Provided, that he may sell the property to satisfy such lien, if a sale be authorized by his contract, at any time before such payment or tender."

Here there was a foreclosure sale under a contract prior to the garnishment. Plaintiff made no attempt to avail itself of the section quoted. It would seem that here was a remedy which plaintiff should have made use of speedily, for otherwise the garnishee's rights may be jeopardized, rights governed by the contract between defendant and the garnishee. Twin City F. Ins. Co. v. Midland Nat. Bank, 166 Minn. 379, 208 N. W. 22. The garnishee in August, 1925, made an agreement with parties to sell the premises to them provided there was no redemption. But since that arrangement

was subject to defendant's rights under his contract with the garnishee, it is not perceived that it has any bearing upon the question of estoppel for either litigant. Upon all the facts revealed by the disclosures plaintiff is not entitled to a money judgment against the garnishee.

The judgment is reversed.