W. H. LUNDSTROM AND ANOTHER v. FRANK E. HEDGE AND ANOTHER. JOSEPH P. O'HARA, GARNISHEE.[1]

December 18, 1931.

No. 28,654.

[1]Reported in 239 N. W. 664.

*Joseph P. O'Hara,* pro se.
*John J. Fahey,* for respondents.

LORING, J.

This is an appeal from a money judgment against the garnishee obtained under the following circumstances.

The garnishee herein was attorney for one of these defendants in another and different case. The plaintiffs' attorney herein was attorney for the defendant in that action, and in settlement of the case gave to this garnishee a check for $200 payable to the garnishee. He immediately served upon the garnishee the garnishee summons in this action, and the sole question of importance raised here is whether or not the garnishee by the receipt of the check, a part of the proceeds of which belonged to him and a part to his client, one of these defendants, had money or property in his hands belonging to such defendant which was subject to garnishment. The check was not paid until two days after the garnishee summons was served upon the garnishee. The garnishee contends that he is protected from liability as garnishee by the provisions of G. S. 1923 (2 Mason, 1927) § 9361, which provides among other things that no person shall be a garnishee by reason of any money or other thing due to the defendant unless at the time of the service of the garnishee summons the claim is due absolutely and without depending on any contingency.

The only case directly in point which has been called to our attention is that of Hancock v. Colyer, 99 Mass. 187, 96 Am. D. 730. There the garnishee was an attorney who had received but had not indorsed or collected a check payable to his order, the proceeds of which belonged in part to his client, the defendant. In Massachusetts garnishment is called trustee process. The court said [99 Mass. 187, 188]:

"The check of a third party payable to the order of the supposed trustee is not attachable by trustee process. It is not money, goods, effects or credits, in the sense of the statute. It may never be paid. The liability of the trustee to the principal defendant is therefore contingent. If the transaction between the parties is such as to create a debt due absolutely, whether the security held be good or not, the trustee would then be charged. Wood v. Partridge, 11 Mass. 488. Lupton v. Cutter, 8 Pick. 298. Meacham v. McCorbitt, 2 Met. 352. Lane v. Felt, 7 Gray, 491. It would seem that a check before presentment cannot operate as an assignment of the fund, or create any lien upon it in the drawee's hands. Dana v. Third National Bank, 13 Allen, 445 [90 Am. D. 216].

"It is attempted to distinguish this case from Lane v. Felt on the ground that the check was received as money by direction of the plaintiffs in the suit of Colyer v. Hancock, and that it was paid to the supposed trustees after service. As to the first, the answer does not show that it was taken as money. As between the trustees and the principal defendant all that appears is, that by direction of those plaintiffs it was received in satisfaction of the execution. The trustees were not in any manner to be liable in the event of the check proving worthless, said Colyer taking all the risk of its collection. The other ground of distinction cannot prevail against the well settled rule that the validity of the attachment must be determined by the state of facts existing at the time of the service of the writ. Meacham v. McCorbitt, 2 Met. 352.

"Trustees discharged."

We can see no distinction between the situation presented to the Massachusetts court and that now before us. It is true that there may be a distinction between our statute and the Massachusetts statute then before that court, but on the question as to whether the garnishee's liability to the defendant depended upon a contingency, the case is directly in point. Whether the garnishee would ever owe the defendant anything depended upon the contingency of whether the check would be paid. Under the circumstances it was not an assignment pro tanto of the maker's funds in the bank.

G. S. 1923 (2 Mason, 1927) § 7232. The defendant had no right of action against the garnishee for money until the check was paid. Upon the theory that the check belonged to defendant, he could not have gained possession of it until he satisfied the garnishee's lien. 2 Shinn, Attachment & Garnishment, § 487. It is not a case where the garnishee owed a debt which would be absolutely due at some future date as contemplated by § 9360.

Our attention has also been directed to Eau Claire Nat. Bank v. Chippewa Valley Bank, 124 Wis. 520, 527, 102 N. W. 1068, 1070, 109 A. S. R. 966, in which it was apparently held that a check payable to a garnishee constituted funds which were garnishable, but in that case no question in regard to the contingency of its payment was raised. The Wisconsin statute set out in the opinion is broader than ours and makes garnishable any property, moneys, credits, or effects in the garnishee's possession or control "in which he [the defendant] shall be interested to the extent of his right or interest therein, and of all debts due or to become due * * *." No reference is made to any Wisconsin statute like our § 9361.

It is suggested that the check was not payable upon any contingency but was an absolute obligation of the maker upon which he might be sued. True, but the garnishment process sought to hold the garnishee for property belonging to or money owing to defendant, not upon the obligation which the maker of the check had incurred. It is not the character of the relation between the payee and the maker which controls, but the question is whether or not there was any contingency upon which the garnishee's liability to defendant depended. Certainly the defendant could not sue the garnishee and get a money judgment against him until the check was paid. There is no evidence that the garnishee received the check at his own risk.

The judgment is reversed.