## S. T. McKNIGHT COMPANY v. JOSEPH TOMKINSON.
## FIRST NATIONAL BANK & TRUST COMPANY OF
## MINNEAPOLIS, GARNISHEE.[1]

February 14, 1941.

No. 32,667.

*Fletcher, Dorsey, Barker, Colman & Barber, Charles F. Noonan,* and *Harry A. Blackmun,* for appellant.
*Hoke, Cobb & Janes,* for respondent.

HILTON, JUSTICE.

Appeal by plaintiff from orders discharging the garnishee and refusing to vacate that discharge.

February 16, 1940, the date of the garnishment summons, defendant, Tomkinson, was liable as endorser upon two promissory notes made by the Diamond Tire Sales, Inc., now bankrupt, of which he is president, payable to the garnishee bank on which the principal due aggregated $5,373.06. As collateral for one of the notes, certain uncollected accounts receivable of Diamond, having a face value of $6,029.02, had been pledged. As additional collateral, the garnishee held a note for $5,000 payable to defendant

[1]Reported in 296 N. W. 569.

by Diamond and an "office check" payable to defendant by the garnishee, representing funds remaining with the garnishee after its conversion of personal collateral in retirement of a previous personal loan. We understand this office check to be the basis of the present controversy. In support of its orders, the trial court held that on February 16, 1940, the funds represented by the office check were payable only upon the contingency that the pledged receivables would be sufficient to retire the principal due the garnishee upon the promissory notes.

Under the statute, a broad garnishment process is authorized which reaches all property or money held by the garnishee or other obligation of indebtedness, whether due or not, belonging to defendant on the date when the garnishment summons is served. 2 Mason Minn. St. 1927, §§ 9359, 9360. Even "money or any other thing due or belonging to the defendant may be attached by this process before it has become payable, if its payment or delivery does not depend upon any contingency." § 9360. No judgment may be obtained against the garnishee unless, when served, the money or valuable belonging to defendant "is due absolutely, and without depending on any contingency." § 9361(1).

We must decide whether a "contingency" exists which inhibits garnishment where it appears uncertain whether property, held as security for obligations owing the garnishee, will ever be returned to defendant. In urging reversal of the trial court, plaintiff takes the position that our law, statute and decision, permits garnishment of property on which the garnishee has a lien, and that the only contingency condemned by the statute is one of "obligation" not "payment." Here, it is said, the garnishee's obligation to defendant is certain, and that a circumstance may prevent future payment does not restrain garnishment process.

In our view of the case, plaintiff's position fails to recognize certain fundamental principles operative in the garnishment process. Most important for present purposes is the rule that garnishment transfers the defendant's rights against the garnishee to the plaintiff, subject to any existing contractual limitations or qualifica-

tions between defendant and garnishee. Bacon v. Felthous, 103 Minn. 387, 115 N. W. 205; Carlson v. Stafford, 166 Minn. 481, 208 N. W. 413. It is axiomatic that garnishment cannot disturb the rights of the garnishee in the property or money belonging to the defendant. 2 Mason Minn. St. 1927, § 9360; Vanderhoof v. Holloway, 41 Minn. 498, 43 N. W. 331; Douglas State Bank v. Meyers, 182 Minn. 178, 233 N. W. 864. Any disability of defendant to proceed against the garnishee is inherited by the plaintiff. Under our statute, the day upon which the garnishment summons is served fixes the respective rights and disabilities. If upon that day the thing of value belonging to defendant is not due, nevertheless garnishment thereof is permitted "if its payment or delivery does not depend upon any contingency." So, by garnishment, plaintiff cannot either divest the garnishee's interest in the property or even reach the defendant's interest if payment or delivery depends on a contingency.

In determining the existence of a contingency, "the question is whether or not there was any contingency upon which the garnishee's liability to defendant depended" (Lundstrom v. Hedge, 185 Minn. 40, 43, 239 N. W. 664, 665), that is, whether the uncertainty (contingency) is one which so conditions the garnishee's obligation that in fact it may never be due or owing to defendant. Knudson v. Anderson, 199 Minn. 479, 272 N. W. 376. Applying this test here, whether and to what extent defendant was interested or entitled to funds represented by the office check was contingent wholly upon an unknown event, the collectibility of the pledged receivables. In fact, unless defendant's existing liability to the garnishee was discharged through liquidation of these receivables, defendant's supposed interest in the office check would be vacuous. As shown by the disclosure, if on February 16, 1940, the garnishee had exercised its right of realization upon the funds represented by the office check (Central State Bank v. Hanson, 158 Minn. 269, 197 N. W. 283), those funds would have been inadequate several times over to retire the existing balance owing the garnishee. Clearly, the payment or delivery of defendant's prop-

erty was contingent entirely upon an unknown future event. Hence, when garnished, nothing of value belonging to defendant reachable by garnishment was due or sure to become due from the garnishee.

In no way does this result conflict with the rule that property subject to pledge or lien may be reached by garnishment. See 2 Mason Minn. St. 1927, § 8358; Hansen v. Wilmers, 162 Minn. 139, 202 N. W. 708. Indeed, the legislature has facilitated the use of garnishment to reach such property by permitting the garnishee's lien to be discharged through payment by plaintiff, if timely tendered so as. to prevent a disposal by the garnishee of the property held as security, who then succeeds to the garnishee's interest. 2 Mason Minn. St. 1927, § 9376; Twin City F. Ins. Co. v. Midland Nat. Bank, 166 Minn. 379, 208 N. W. 22; Rushford State Bank v. Benston, 194 Minn. 414, 260 N. W. 873. Probably for good reason, there has been no attempt by plaintiff here to utilize this remedy. However, though we can agree that the mere existence of a garnishee lien need not defeat garnishment because of any supposed contingency, does it necessarily follow that the coexistence of lien and contingency is impossible? Here, on the determinative date, satisfaction of the garnishee's lien would have more than consumed defendant's interest. Whether and to what extent defendant would ever receive back the funds depended wholly upon an event then unascertained. Surely it cannot seriously be argued that there was no contingency present. Using plaintiff's own analysis, on the day of garnishment, there was no "obligation" (in its traditional sense) running from the garnishee to defendant which plaintiff could seize. Under these circumstances, it would be entirely improper to stay the garnishment proceedings until the arrival of the future event determinative of the contingency.

Orders affirmed.