**ARATEX SERVICES, INC.,**
**creditor, Respondent,**

v.

**The BLUE HORSE, INC., Debtor,**

**and**

**Western State Bank and Insurance Agency, garnishee-third party, Appellant.**

**No. C7-92-1863.**

Court of Appeals of Minnesota.

March 9, 1993.

Review Denied May 11, 1993.

David R. Marshall, Mary E. Hanton, Fredrikson & Byron, P.A., Minneapolis, for appellant.

Brian D. Alton, McClay & Alton, St. Paul, for respondent.

Considered and decided by ANDERSON, C.J., and LANSING and HUSPENI, JJ.

## OPINION

**ANDERSON, Chief Judge.**

Appellant claims the trial court erred by finding that it failed to disclose a debt pursuant to a garnishment summons and is therefore liable to respondent for the amount of the indebtedness. We agree and reverse.

## FACTS

Appellant Western State Bank and Insurance Agency (the bank) was a major creditor of The Blue Horse, Incorporated (Blue Horse). The bank held a mortgage on real estate owned by Blue Horse and first and second security interests in other Blue Horse assets. On July 12, 1991, the bank started foreclosure proceedings on the mortgage and, a week later, foreclosed its first and second security interests in Blue Horse's other assets. The bank moved to compel Blue Horse to deliver possession of the assets covered by the security interests.

A hearing was set for August 9. On August 8, 1991, the bank and Blue Horse reached an oral "agreement" which provided that Blue Horse would, upon execution of the agreement, transfer to the bank all assets subject to the first and second security interests and deliver to the bank a deed in lieu of foreclosure on the mortgaged real estate. In return, the bank agreed to grant Blue Horse a general release from its obligations to the bank, to pay Blue Horse $8,000 upon execution of the agreement and $6,000 fourteen days after execution of the agreement, and to lease the

mortgaged premises. The bank then moved to cancel the hearing. The parties reduced the oral agreement to writing and executed it on September 12, 1991.

On September 11, 1991, respondent Aratex Services, Incorporated (Aratex) served the bank with a garnishment summons and nonearnings disclosure form. On September 13, the bank returned the disclosure form to Aratex, together with a letter stating it had no accounts for Blue Horse. In November 1991, Blue Horse petitioned for a Chapter 7 bankruptcy and sought to discharge its debt to Aratex. As a result of this bankruptcy proceeding, Aratex learned of the September 12 agreement and demanded the bank deliver to it the $14,000 payable by the bank to Blue Horse under the September 12 agreement. The bank refused to pay, and in July 1992, Aratex sued the bank.

The district court held that "the bank knew at the time of disclosure that it was obligated to Blue Horse," and "misled [Aratex] by representing in the cover letter that it had no accounts with Blue Horse." The district court granted judgment in favor of Aratex and against the bank in the amount of $6,877.28.

## ISSUE

Does service of a garnishment summons require a garnishee to disclose an indebtedness that is contingent at the time of service and does not arise until after the summons is served?

## ANALYSIS

The facts in this case involve the application of a statute to undisputed facts. Therefore, questions of law are involved and we need not defer to the trial court. *Castor v. City of Minneapolis*, 429 N.W.2d 244, 245 (Minn.1988).

Minn.Stat. § 571.73, subd. 3(2) (1990) provides that a garnishment summons attaches to indebtedness:

due or belonging to the debtor and owing by the garnishee or in the possession or under the control of the garnishee *at the time of service of the garnishment sum-*

*mons,* whether or not the same has become payable.

(Emphasis added.) Thus, Aratex's garnishment summons attached to the bank's indebtedness at the moment of service of the garnishment summons. *See Polzin v. Merila,* 258 Minn. 93, 97, 103 N.W.2d 198, 202 (1960); *see also S.T. McKnight Co. v. Tomkinson,* 209 Minn. 399, 401, 296 N.W. 569, 570 (1941) (concluding "the day upon which the garnishment summons is served fixes the respective rights and disabilities" of the parties).

■ Aratex served its garnishment summons on September 11. The bank and Blue Horse, however, did not execute their agreement until September 12. Under section 571.73, Aratex's garnishment summons only attached indebtedness owed by the bank to Blue Horse as of September 11, the date the garnishment summons was served. The district court erred by holding the bank liable for indebtedness incurred pursuant to an agreement executed one day after Aratex served its garnishment summons. The fact that the bank returned the disclosure form after the date the indebtedness was incurred is irrelevant.

Aratex also claims the bank had a duty to disclose the indebtedness arising under the August 8 oral agreement. We disagree.

■ A creditor may not garnish indebtedness which depends upon a contingency. Minn.Stat. § 571.73, subd. 4(1) (1990). In determining the existence of a contingency, "the question is whether or not there was any contingency upon which the garnishee's liability to defendant depended," that is, whether the uncertainty (contingency) is one which so conditions the garnishee's obligation that in fact it may never be due or owing to defendant. *S.T. McKnight Co.,* 209 Minn. at 401, 296 N.W. at 570 (quoting *Lundstrom v. Hedge,* 185 Minn. 40, 43, 239 N.W. 664, 665 (1931)).

■ The September 12 agreement provided that the parties' obligations arose "[u]pon execution of th[e] agreement." A signed agreement is not required for the formation of a contract; yet

where parties know that the execution of a written contract was a condition prece-

dent to their being bound, there can be no binding contract until the written agreement [i]s executed.

*Dataserv Equip., Inc. v. Technology Fin. Leasing Corp.*, 364 N.W.2d 838, 841 (Minn. App.1985), *pet. for rev. denied* (Minn. May 31, 1985). The parties contemplated execution of a written agreement to be a condition precedent to their being bound. On September 11, the bank's indebtedness to Blue Horse was contingent upon execution of the agreement. Accordingly, the bank did not fail to disclose indebtedness that arose only upon execution of the agreement.

■ Aratex's claim that Blue Horse substantially performed its obligations under the agreement before the September 12 execution is unpersuasive. There is no evidence that Blue Horse executed and delivered the deed in lieu of foreclosure to the bank. Aratex claims that on August 26, Blue Horse turned over its accounts receivable to the bank. The district court made no findings on this claim, and there is no evidence in the record to support Aratex's assertion. But even if Blue Horse did in fact turn over its accounts receivable, this partial compliance would not alter our conclusion that the language of the agreement is plain and unambiguous. *See Trondson v. Janikula*, 458 N.W.2d 679, 681 (Minn. 1990) ("construction and effect of a construction is a question of law, unless an ambiguity exists"). The bank was indebted to Blue Horse only upon execution of the agreement.

## DECISION

The bank had no obligation to disclose indebtedness arising after service of the garnishment summons. Further, the bank had no obligation to disclose indebtedness which was contingent at the time the garnishment summons was served. The trial court erred by concluding that the bank was liable to Aratex.

Reversed.