529 N.W.2d 6 (1995)
GRANSE & ASSOCIATES, INC., Respondent,
v.
Judy Ann KIMM, Petitioner, Appellant.
No. C2-94-1872.
Court of Appeals of Minnesota.
February 28, 1995.
Review Denied April 27, 1995.
*7 Joseph M. Capistrant, John M. Harvey, Harvey, Sheehan & Benson, Minneapolis, for respondent.
James R. Bell, Robert H. Tennant, Bell & Tennant, St. Paul, for appellant.
Considered and decided by DAVIES, P.J., and RANDALL and FOLEY,[*] JJ.

OPINION
DAVIES, Judge.
Judy Kimm challenges the district court's determination that her ex-husband's creditor's levy on husband's lien on her homestead (a lien awarded at dissolution) created an interest in the creditor that survived the district court's subsequent attempt to lift that lien to satisfy her ex-husband's unpaid child support obligation. We affirm.

FACTS
The marriage of Michael Kimm and appellant Judy Kimm was dissolved on June 26, 1987. Appellant was awarded the homestead, subject to a lien in favor of Michael Kimm. The lien secured 25 percent of the net equity of the homestead, and was payable to Michael Kimm within 30 days of the first of: (1) emancipation of the Kimms' minor child; (2) appellant's remarriage; (3) sale of the home; or (4) termination of appellant's use of the home as her principal place of residence. Pursuant to the dissolution decree, Michael Kimm gave appellant a quitclaim deed, which was recorded on May 9, 1988.
On April 6, 1989, respondent Granse & Associates, Inc. (creditor), obtained a default judgment against Michael Kimm (debtor). On February 3, 1994, creditor filed a notice of sheriff's levy on debtor's lien against appellant's homestead. By this time, debtor had become delinquent in his child support *8 obligation and appellant obtained a judgment against debtor for unpaid child support. This judgment was docketed on February 7, 1994.
On March 1, 1994, creditor served appellant with a notice of writ of execution, sheriff's levy, and execution sale (the sale was of ex-husband's interest  the claim for 25 percent of value secured by the lien  not her homestead interest). Appellant subsequently brought a motion in the district court to have the dissolution decree amended to remove debtor's lien from the homestead to satisfy the judgment for delinquent child support. The district court so amended the decree on March 30, 1994.
On April 19, 1994, appellant obtained a temporary restraining order blocking the execution sale, but the order was vacated on April 26. At the sheriff's sale on April 27, creditor purchased debtor's lien. On June 10, 1994, the district court issued an order determining that creditor's interest survived because, before the district court attempted to eliminate debtor's lien, creditor had acquired  by execution and levy  a lien on the complete value of the 25 percent interest secured by that lien. This appeal followed.

ISSUE
Did the district court err in determining that creditor's interest in debtor's lien prevailed over amendment to dissolution decree?

ANALYSIS
The material facts of this case are not in dispute. Because this appeal presents only questions of law, this court need not defer to the district court's conclusions. Hubred v. Control Data Corp., 442 N.W.2d 308, 310 (Minn.1989).
By the terms of the dissolution decree, debtor's lien secured a right to 25 percent of the value of appellant's homestead. (Like a zero-coupon bond, debtor's marital lien is a true property interest, but one that matures sometime in the future.) Under Minnesota law, this lien was personal property rather than an interest in real property. See Gau v. Hyland (In re Gau), 230 Minn. 235, 240, 41 N.W.2d 444, 448 (1950) ("A lien is in no sense an estate or interest in the land."); Bidwell v. Webb, 10 Minn. 59, 62, 10 Gil. 41, 44 (1865) (a lien on land is neither real property nor interest in real property); see also Hennepin Co. v. Jacobson (In re Eggert's Estate), 245 Minn. 401, 403, 72 N.W.2d 360, 361 (1955) (lien is security claim on property of another). Personal property is subject to the execution of a sheriff's levy. Minn.Stat. § 550.135, subd. 1 (1992).
Appellant argues that creditor could not levy against debtor's lien because the lien would vest only upon the occurrence of one of the four stated conditions, none of which, appellant argues, are guaranteed to occur. See Minn.Stat. § 550.135, subd. 4(1) (if indebtedness or money due judgment debtor depends on any contingency, it is not subject to attachment).
A contingency is an uncertainty that so conditions an obligation that it may never be due or owing. S.T. McKnight Co. v. Tomkinson, 209 Minn. 399, 401, 296 N.W. 569, 570 (1941). Here, the four provisions governing the payment of debtor's lien relate to the time of payment rather than the ultimate obligation to pay. But at least one of the events is inevitable, for the home will no longer be appellant's principal place of residence when she dies. Because there is no contingency, the lien was subject to levy; therefore, creditor perfected its interest in the 25 percent interest upon the execution of the sheriff's levy.
Here, the original dissolution decree did not make debtor's lien security for debtor's child support obligation. Rather, because the decree was silent on this question, debtor's lien remained assignable  and thus vulnerable to the claims of debtor's creditors. Cf. Wilkie v. Becker, 268 Minn. 262, 267, 128 N.W.2d 704, 707 (1964) ("`A contract to pay money may be assigned by the person to whom the money is payable, unless there is something in the terms of the contract manifesting the intention of the parties that it shall not be assigned.'") (quoting 6 Am. Jur.(2d) Assignments, § 16).
Appellant brought her motion to modify the dissolution decree after creditor had perfected its interest in debtor's lien. *9 The general rule is that "first in time is first in right." Host v. Host, 497 N.W.2d 617, 619 (Minn.App.1993) (citing Gould v. City of St. Paul, 120 Minn. 172, 176, 139 N.W. 293, 294 (1913)). The district court was correct in concluding that creditor's levy had survived any interest appellant later claimed in debtor's 25 percent interest; the order eliminating debtor's lien against appellant's homestead was preceded by creditor's prior levy.
Finally, we distinguish Sisco v. Paulson, 232 Minn. 250, 45 N.W.2d 385 (1950), on which the appellant and the dissent rely. The rule of Sisco is that a grantee of homestead property acquires title to the property exempt or immune from claims of the grantor's creditors. Id. at 252, 45 N.W.2d at 387. Here, the property in question was not debtor's homestead; nor was it real property, for debtor's lien against appellant's homestead simply secured a claim to 25 percent of the value of the homestead and was debtor's personal property. The rule of Sisco is inapplicable.
We likewise disagree with the dissent that the creditor's levy gives the creditor a right to interfere with appellant's homestead interest. What the creditor has acquired is a claim against that property, but the claim cannot yet be pursued to forced sale or an assertion of possessory rights. The creditor's claim to 25 percent of the homestead value matures when the property ceases to be appellant's homestead or when one of the other three conditions is met. She, therefore, continues to enjoy the homestead right of possession without interference  whether her former spouse or his creditor holds the 25 percent lien.
We concede that she loses a "setoff" security against child support arrearages. But, unfortunately, the dissolution decree never designated the lien as securing child support by setoff or otherwise. And she lost the race to the courthouse. She thus has no priority in her claim against that share of the homestead value.
Notwithstanding the assertion of the dissent, we apply the recording system with our eyes wide open. There is not room under the law to apply the recording system with an eye to equity. To do so would create a destructive and costly uncertainty in real property titles.

DECISION
Because creditor acquired its interest in debtor's property before appellant brought her action to modify the dissolution decree, the district court concluded correctly that creditor's interest survived any interest appellant would otherwise have.
We deny the request for attorney fees on appeal.
Affirmed.
DANIEL F. FOLEY, Judge, dissenting.
I respectfully dissent and would hold that Michael Kimm's lien on the homestead is not vulnerable to the claims of his creditor. Constitutional and equitable considerations require this result.[1]

I.

Constitutional considerations.
Under the majority's analysis, Michael Kimm's lien on the homestead would not be exempt from claims by his creditor. But this analysis favors Kimm's creditor over the exemption and protection to which the homestead is entitled under the Constitution.
The Minnesota Constitution provides that "[a] reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability." Minn. Const., art. I, § 12. The statutory homestead exemption, Minn.Stat. ch. 510, draws its validity and force from this provision. Northwestern Nat'l Bank v. Kroll, 306 N.W.2d 104, 105 *10 (Minn.1981). The purpose of the homestead exemption is to preserve and protect homestead property "even at the sacrifice of just demands." Id. "So far as exempt property is concerned, there are no creditors within the meaning of the statute. This includes homestead property." Sisco v. Paulson, 232 Minn. 250, 251-52, 45 N.W.2d 385, 387 (1950) (citations omitted).
It is true that a lien is not itself an estate or interest in real property. Gau v. Hyland, 230 Minn. 235, 240, 41 N.W.2d 444, 448 (1950); Bidwell v. Webb, 10 Minn. 59, 62, 10 Gil. 41, 44 (1865). But a lien constitutes a property right. Boline v. Doty 345 N.W.2d 285, 288 (Minn.App.1984). Indeed, a lien is a substantive property right, see Ulrich v. Ulrich, 400 N.W.2d 213, 218 (Minn.App.1987), and was so treated by the decree of dissolution.
Michael Kimm's lien secured a right to equity in the homestead property. This property right existed solely because of Michael Kimm's marital interest in the homestead. The lien was a charge on the homestead, and inextricably linked with the homestead. The lien was a property right growing out of the marital relationship and directly involving the homestead.
In Boyd v. Robinson, 741 F.2d 1112, 1113-14 (8th Cir.1984), the federal court determined that an ex-husband's lien on the parties' homestead protected the husband's interest in the homestead that was created prior to the marriage dissolution. Similarly, in the present case, Michael Kimm's lien protected his interest in the homestead that was created during the parties' marriage. Accordingly, his lien should be exempt from any claim by his creditor.
The majority relies on the debtor-creditor recording system, which presumes that ordinary liens are subject to the claims of creditors. But we should question the propriety of blindly applying the regular debtor-creditor laws to a situation where an ex-husband is granted a lien on homestead property. A higher degree of protection should be accorded this type of lien on homestead property that is constitutionally exempt from seizure. If the contest is between the application of the recording act and the constitution, the constitution should prevail. The lien on the homestead should be off limits to Michael Kimm's creditor.

II.

Equitable considerations.
Judy Kimm owned the homestead outright in her own name before her marriage to Michael Kimm. At the time the marriage was dissolved, Michael Kimm received a lien on the homestead, but he was also required to pay child support. Under the majority's analysis, not only will Judy Kimm fail to receive the child support to which she is entitled; in addition, she must pay Michael Kimm's creditor for a debt that Michael Kimm incurred in his separate business operations. This result is inequitable in that it places an onerous burden on Judy Kimm, affects her free right of enjoyment in the homestead, and directly invades her right to support.[2]
To argue that Judy Kimm's interest in the homestead is intact misses the point. Although she owns the homestead, it is now subject to a judgment lien by her ex-husband's creditor. It does not satisfy the demands of equity to hold that Michael Kimm's creditor will not enforce its judgment against Judy Kimm's homestead until the property is sold or Judy Kimm otherwise advances payment. The creditor expects to be paid interest on its judgment, and the total claim would have to be satisfied by Judy Kimm.
Michael Kimm was substantially in arrears for child support, resulting in a judgment by Judy Kimm for unpaid child support in the amount of $23,894. Without regard to the equities, the majority would subject Judy Kimm's judgment to the cold application of the recording act in favor of Michael Kimm's creditor, a total stranger to the homestead, thus diminishing the value of Judy Kimm's interest.
*11 In protecting the homestead right to be free from the claims of Michael Kimm's creditor, the court must give full effect to what the decree of dissolution necessarily implied, as well as to what it expressly stated. Jensen v. Jensen, 440 N.W.2d 152, 155 (Minn. App.1989) (citing Stieler v. Stieler, 244 Minn. 312, 319, 70 N.W.2d 127, 131-32 (1955)). Michael Kimm's lien is part of the property settlement and related as well to his support obligation, which may be offset against the lien in the event of his failure to pay support as required. But under the holding of the majority, Judy Kimm's rights, both to enjoyment of the homestead and her right to child support, plainly part of the dissolution decree, are lost by this encumbrance.
NOTES
[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.
[1] Although the parties did not raise the constitutional issue, it is not novel or questionable; therefore we must decide the issue sua sponte. See Greenbush State Bank v. Stephens, 463 N.W.2d 303, 306 n. 1 (Minn.App.1990), pet. for rev. denied (Minn. Feb. 4, 1991). Our responsibility is not "`diluted by counsel's oversights, * * * failure to specify issues or to cite relevant authorities.'" State v. Hannuksela, 452 N.W.2d 668, 673, n. 7 (Minn.1990) (quoting Tate, Sua Sponte Consideration on Appeal, in Appellate Judicial Opinions 128 (R. Leflar ed. 1974)).
[2] We also note that initially Judy Kimm was not made a party to the proceedings by Michael Kimm's creditor against his lien. Judy Kimm intervened in those proceedings in an attempt to protect her interests.