**JERRY MATHISON CONSTRUCTION, INC., Respondent,**

v.

**Craig BINSFIELD, et al., Appellants.**

No. C8–00–168.

Court of Appeals of Minnesota.

Aug. 1, 2000.

Robin C. Merritt, Hanft Fride, P.A., Duluth, for respondent.

James O. Redman, Charles E. Lundberg, Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for appellants.

Considered and decided by DAVIES, Presiding Judge, LANSING, Judge, and HALBROOKS, Judge.

## OPINION

DAVIES, Judge

Respondent Jerry Mathison Construction and its comprehensive general liability insurer, Great American Insurance Company (Great American), entered into a loan-receipt agreement under which Great American paid a judgment against respondent arising out of respondent's failure to maintain Wisconsin workers' compensation coverage. Respondent has now, in this Minnesota action, sued appellants Craig Binsfield and Binsfield & Associates, Inc., an insurance agency, alleging that it was Binsfield's negligence that left respondent uninsured against Wisconsin worker's compensation claims.

After a jury found that the appellants had been negligent, the Minnesota district court ruled that respondent was entitled to recover damages. On an earlier appeal, this court remanded for further findings. On remand, the district court made findings and ruled that an action against appellants in respondent's name is not barred by the fact that respondent itself did not pay any portion of the Wisconsin judgment. Appellants challenge that ruling, alleging respondent's failure to itself pay the Wisconsin judgment means it suffered no damage and precludes it from recovering from appellants. We affirm.

## FACTS

In April 1991, respondent Jerry Mathison Construction was a subcontractor at a construction site in Wisconsin when one of its employees was injured on the job. Although respondent had primary responsibility to provide workers' compensation for its employees at the site, it did not have Wisconsin coverage. Therefore, as required by Wisconsin law, the general contractor paid the injured employee's claims through its own workers' compensation insurer, Wausau Underwriters Insurance Company (Wausau). The general contractor and Wausau then sued respondent and Great American in Wisconsin to recover the amount of workers' compensation benefits Wausau had paid.[1]

The general contractor and Wausau won a $126,704 judgment against respondent, which Great American paid pursuant to a loan-receipt agreement it entered into with respondent. Respondent then, as required by the loan-receipt agreement, sued appellants Craig Binsfield and Binsfield & Associates, Inc., its insurance agent and agency, for negligence in failing to provide the required workers' compensation coverage. A jury apportioned 75% of the fault to appellants. The trial court set $95,028, 75% of the Wisconsin judgment against respondent that had been paid under the loan-receipt agreement, as the amount of damages respondent was entitled to recover from appellant. After trial, appellants brought a posttrial motion to dismiss, claiming that respondent sustained no actual damages, as it was an inactive corporation and had not paid the Wisconsin judgment.

The trial court denied appellants' motion to dismiss and ordered judgment against appellants. The trial court determined that respondent was a viable, albeit an inactive, corporation that had been sued and thus had "suffered the liability of a [Wisconsin] judgment and has sued in this case."

1. The third-party complaint in Wisconsin against respondent (and Great American) was for negligence, breach of contract, statutory obligations for respondent to repay, and contribution (because of joint causal negligence).

Appellants appealed, and this court remanded for further findings. On remand, the district court again concluded that respondent had suffered harm and was entitled to judgment against appellants in the amount of $95,028.

This second appeal follows.

## ISSUE

Must this judgment be dismissed because respondent corporation has suffered no damages because it paid out nothing to satisfy the Wisconsin judgment?

## ANALYSIS

■ Appellant argues that the district court erred in concluding that, under the judgment rule, the mere entry of a judgment against respondent was sufficient for respondent to recover damages from appellants. The judgment rule states that "an entry of judgment * * * alone is sufficient damages [for an insured] to sustain a recovery from an insurer for its breach of duty." *Gray v. Grain Dealers Mut. Ins. Co.,* 871 F.2d 1128, 1131 (D.C.Cir.1989) (citation omitted). Minnesota has supported the judgment rule in cases when an insurer has refused to undertake its contractual duties to defend and indemnify under its policy. *Strand v. Travelers Ins. Co.,* 300 Minn. 311, 219 N.W.2d 622 (1974); *Lange v. Fidelity & Casualty Co. of New York,* 290 Minn. 61, 185 N.W.2d 881, 882 (1971).

The judgment rule has not, however, been applied broadly in Minnesota, and never to a situation when, as here, the claim sounds in professional malpractice and negligence. And we find it unnecessary to decide whether its use by the district court in this case was proper. We instead hold that entering judgment against appellants was proper on the basis of the loan-receipt agreement entered into by respondent and Great American.

■ Deciding the case on this basis is appropriate even though the district court did not base its decision on the loan-re-

ceipt agreement and counsel failed to brief this theory on appeal. *See State v. Hannuksela,* 452 N.W.2d 668, 673 n. 7 (Minn. 1990) (applying legal theory not briefed or presented at oral argument); *Carousel Automobiles, Inc. v. Gherity,* 511 N.W.2d 472, 476 n. 2 (Minn.App.1994) (not necessary to reverse decision simply because trial court did not rely on strongest reasons), *aff'd* 527 N.W.2d 813 (Minn.1995).

■ This court must decide cases in accordance with existing law when there is nothing "novel or questionable" about the relevant law. *Greenbush State Bank v. Stephens,* 463 N.W.2d 303, 306 n. 1 (Minn. App.1990), *review denied* (Minn. Feb. 4, 1991). That responsibility is not to be "diluted by counsel's oversights, * * * failure to specify issues or to cite relevant authorities." *Granse & Assocs., Inc. v. Kimm,* 529 N.W.2d 6, 9 n. 1 (Minn.App. 1995) (quoting *Hannuksela,* 452 N.W.2d at 673 n. 7), *review denied* (Minn. Apr. 27, 1995).

### 1. Loan–Receipt Agreement

■ A loan-receipt agreement is a device used to achieve an equitable result. John E. McKay, *Loan Agreement: A Settlement Device That Deserves Close Scrutiny,* 10 Val. U.L.Rev. 231, 240 (1976). Loan receipts are essentially a subrogation tool. *Pacific Indem. Co. v. Thompson-Yaeger, Inc.,* 260 N.W.2d 548, 556–57 (Minn.1977). The purpose of the loan-receipt agreement between an insurer and its insured is to allow a subsequent action to be brought in the name of the insured even when the insurer has in effect fully indemnified the insured for the loss. *Blair v. Espeland,* 231 Minn. 444, 448, 43 N.W.2d 274, 277 (1950); *see also Jostens, Inc. v. Mission Ins. Co.,* 387 N.W.2d 161, 164 (Minn.1986) (loan-receipt agreements useful in disposing of insurance disputes when there has been payment); E. Michael Johnson, *The Real Party Under Rule 17(a): The Loan Receipt and Insurers' Subrogation Revisited,* 74 Minn. L.Rev. 1107, 1130 (1990).

We see nothing novel or questionable in the use of a loan-receipt agreement in this circumstance. The parties, moreover, brought before the district court (in post-trial motions approximately three months after trial) the existence of the loan-receipt agreement. Therefore, we proceed to consider the impact and significance of the loan-receipt agreement in this case notwithstanding that the parties did not present this argument on appeal.

Respondent entered into a loan-receipt agreement with Great American under which Great American loaned $126,704 to respondent to satisfy the Wisconsin judgment. In exchange, respondent authorized Great American to pursue in respondent's name an action against appellants to recover the amount Great American had paid. Any recovery in the suit against appellants is to be applied in satisfaction of the loan. Respondent has no other obligations on the loan receipt.

■ We conclude that respondent and Great American entered into a proper loan-receipt agreement. Great American, thus, properly brought the suit in respondent's name to satisfy the loan receipt. Appellants were not prejudiced by the fact that Great American's involvement was not formally disclosed earlier. Appellants cannot escape their liability merely because Great American, while not directly named as an interested party, will ultimately receive the recovery. That is true of hundreds of subrogation actions in Minnesota, actions routinely approved.

Because there was an actual transfer of funds and the Wisconsin judgment was paid, equity entitles respondent and Great American to recover damages from appellants to satisfy the loan-receipt obligation.

### 2. Other Issues

■ Appellants also argue that the law of the case applies because this court determined in its prior order that the mere entry of judgment does not constitute actual harm or damage.

■ The law-of-the-case doctrine "ordinarily applies where an appellate court has ruled on a legal issue and has remanded the case to the lower court for further proceedings." *Loo v. Loo,* 520 N.W.2d 740, 744 n. 1 (Minn.1994). This court's previous opinion did not, however, review the substantive issue now presented. This court simply remanded for more findings because the district court had failed to make findings sufficient for this court to review. *Jerry Mathison Constr., Inc. v. Binsfield,* No. C1–98–2360, 1999 WL 561964 (Minn.App. Aug. 3, 1999). Because in the earlier appeal this court did not address the substantive issues, law-of-the-case does not apply. We note also that the existence of the loan-receipt agreement apparently was not brought to the attention of this court on the first appeal.

■ Respondent was statutorily dissolved on August 1, 1997, but this information was never submitted to the district court. Appellants now submit a certificate of statutory dissolution issued on February 23, 2000. Respondent's dissolution is irrelevant in light of the valid loan-receipt agreement executed before the dissolution.

### DECISION

The district court did not err in entering judgment against appellants for their negligence in failing to place proper insurance coverage.

**Affirmed.**